NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEYDI LISSETH RIOS-VALLADARES; I.E.B.R., a Juvenile; BLANCA ARMIDA VALLADAREZ DE RIOS; BLANCA MERARY RIOS-DE SOTO; M.G.S.R., a Juvenile; E.R.S.R., a Juvenile; ROBERTO SORTO-VASQUEZ, | No. 19-70887 |
| Petitioners, | Agency Nos. A202-027-647<br>A202-027-648<br>A202-028-341<br>A206-758-847<br>A206-758-848<br>A206-758-849<br>A206-759-485 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2021
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and BADE, Circuit Judges.
Dissent by Judge W. FLETCHER

Petitioner Leydi Lisseth Rios-Valladares and members of her extended

family (Petitioners), natives and citizens of El Salvador, petition for review of a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Board of Immigration Appeals' (BIA) decision affirming the order of the Immigration Judge (IJ) denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

1. Asylum is unavailable if an applicant can safely relocate to another part of the applicant's home country. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Petitioners had the burden of establishing that such relocation was not reasonable.[1] 8 C.F.R. § 1208.13(b)(3)(i). Substantial evidence supports the IJ's conclusion that Petitioners—supporters of the Nationalist Republican Alliance (ARENA) party—could reasonably relocate within El Salvador. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) ("[W]e must uphold the IJ's determination if it is supported by reasonable, substantial, and probative evidence in the record.").

---

[1] Petitioners failed to exhaust and waived any challenge to the IJ's determination that they did not suffer past persecution because they did not challenge it before the BIA or raise it in their opening brief in this court. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (holding that § 1252(d)(1) mandates exhaustion and, thus, this court generally lacks jurisdiction over "the merits of a legal claim not presented in the administrative proceedings below"); *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (discussing waiver based on the failure to raise a claim in an opening brief). Petitioners also waived any argument that they would be persecuted by the government or a quasi-official group because they did not make that argument in their opening brief and instead argued that they would be persecuted by "private persecutors" that the government is unwilling or unable to control. *See Martinez-Serrano,* 94 F.3d at 1259-60.

The IJ, based on review of the record evidence, concluded that there was "no evidence that members of the ARENA party are targeted throughout El Salvador," and that various jurisdictions throughout El Salvador had elected ARENA party members. Petitioners have not disputed these findings, which are supported by substantial evidence. The IJ also noted that two family members—who were also members of the ARENA party and had been threatened—had fled El Salvador but later returned and remained unharmed. Petitioners argue that they are not similarly situated to those family members because those family members are elderly, they stay in their home, and they are no longer politically active. But before returning to reside in El Salvador, one of these family members had previously returned without incident. Petitioners do not address any other factors relevant to their burden of showing that they are unable to reasonably relocate within El Salvador. 8 C.F.R. § 1208.13(b)(3); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004) (discussing factors for determining reasonableness of internal relocation). They have not shown that a "reasonable adjudicator would be compelled" to reach a conclusion contrary to the one reached by the agency. 8 U.S.C. § 1252(b)(4)(B).

2.     Substantial evidence also supports the denial of withholding of removal based on the IJ's finding that Petitioners had not shown that relocation within El Salvador was unreasonable. *See* 8 C.F.R. § 208.16(b)(3).

**PETITION DENIED.**

3

*Leydi Rios-Valladares, et al v. Merrick Garland*, No. 19-70887

W. Fletcher, Circuit Judge, dissenting:

I respectfully dissent. In my view, the IJ's and BIA's conclusions are not supported by substantial evidence.

Petitioners, who were deemed credible, testified that they received repeated death threats over a period of several months. During that time, one of their homes was shot at and later set on fire. The perpetrators identified themselves as affiliated with the FMLN party. They demanded that Petitioners pay extortion money and that Petitioners stop supporting the ARENA party. Armed men have continued to inquire about Petitioners' whereabouts. Petitioners have thus established that they have an objectively reasonable fear of future persecution on account of their support for the ARENA political party.

The IJ's and BIA's conclusion that the FMLN was not responsible for Petitioners' persecution is not supported by substantial evidence. The IJ incorrectly stated that the perpetrators never identified themselves as FMLN, and overlooked evidence in the record that the FMLN promised gangs money and lenient prison treatment in exchange for intimidating opposition voters.

Because I would conclude that Petitioners have an objectively reasonable fear of future persecution by the Salvadoran government or a quasi-official group, I would also conclude that the Department of Homeland Security ("DHS") must

overcome the presumption that it would be unreasonable for Petitioners to relocate within El Salvador. *See* 8 C.F.R. §1208.13(b)(3)(ii) ("In cases in which the persecutor is a government or is government-sponsored, it shall be presumed that internal relocation would not be reasonable."). On the evidence in the record, DHS cannot overcome that presumption.